CMS/LBG: USAO 2020R00745

USDC- GREENBELT
'22 SEP 15 AM 9:17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-20-411 |
| | * | |
| TEYLONTE LEMAR SULLIVAN, | * | (Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846; Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841; Forfeiture, 21 U.S.C. § 853) |
| Defendant | * | |

\*\*\*\*\*\*\*

### SUPERSEDING INFORMATION
(as to Teylonte Lemar Sullivan ONLY)

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

The United States Attorney for the District of Maryland charges that:

Between at least July 2016 and on or about April 4, 2019, in the District of Maryland and elsewhere, the defendant,

**TEYLONTE LEMAR SULLIVAN**,

did knowingly combine, conspire, confederate and agree with others, known and unknown to the United States, to distribute and possess with intent to distribute, a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute a Controlled Substance)

The United States Attorney for the District of Maryland further charges that:

On or about September 27, 2018, in the District of Maryland, the defendant,

### TEYLONTE LEMAR SULLIVAN,

did knowingly possess with intent to distribute a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853 as a result of the defendant's conviction under Counts One through Two of this Superseding Information.

### Narcotics Forfeiture

2. Upon conviction of the offenses set forth in Count One and Count Two of this Superseding Information, the defendant,

**TEYLONTE LEMAR SULLIVAN**,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such offense.

### Substitute Assets

3. If any of the property described above, as a result of any act or omission of any defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

3

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

Date: 9/14/22

Erek L. Barron /LBG
Erek L. Barron
United States Attorney